# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GLOBAL TEL*LINK CORPORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SECURUS TECHNOLOGIES, INC., DENNIS J. REINHOLD, and RICHARD A. SMITH, <br><br> Defendants. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action for false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and defamation.

## PARTIES

1. Global Tel*Link Corporation ("GTL") is a Delaware corporation with its principal place of business at 12021 Sunset Hills Road, Suite 100, Reston, Virginia 20190.

2. Securus Technologies, Inc. ("Securus") is a Delaware corporation with its principal place of business at 14651 Dallas Parkway, Suite 600, Dallas, Texas 75254.

3. On information and belief, Richard A. Smith is President and Chief Executive Officer of Securus, and he resides in Allen, Texas.

4. On information and belief, Dennis J. Reinhold is General Counsel of Securus, and he resides in Dallas, Texas.

**JURISDICTION AND VENUE**

5.     Subject-matter jurisdiction in this United States District Court is founded in the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 1331 and 1338.  Supplemental jurisdiction over GTL's state law claim is founded in 28 U.S.C. §§ 1338 and 1367.

6.     The Court possesses personal jurisdiction over Securus, as Securus resides and has its principal place of business in this judicial district.  Securus's headquarters is located in Dallas, Texas, and the vast majority of Securus's employees work in Securus's Dallas office.

7.     The Court possesses personal jurisdiction over Richard Smith and Dennis Reinhold, as both are residents of Texas.

8.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), as all defendants are residents of the State of Texas, and Securus and Dennis Reinhold are residents of this judicial district.

**GENERAL ALLEGATIONS**

*Background Information About the Parties and the Industry*

9.     GTL and Securus are competitors who supply communications systems and related services in correctional facilities throughout the country.  These systems allow inmates to make calls to friends and families and provide correctional authorities with customized security and network features.

10.    GTL entered the telecommunications market in the late 1980s.  Tele-Matic Corporation (which would eventually become Securus) started around the same time.  Both companies continued to grow over the next thirty years.

11.    The Tele-Matic Corporation, after changing its name to T-Netix, Inc. ("T-Netix"), merged with Evercom Systems, Inc. ("Evercom") to form Securus in 2004.

12. GTL acquired several companies over the years, including Public Communications Services, Inc. ("PCS") and Value-Added Communications, Inc. ("VAC") – PCS in 2010 and VAC in 2011.

13. Today, GTL is among the leaders in the industry. GTL's success is the result of its technical expertise, operational experience, innovative solutions, and a commitment to investment in product development. GTL's innovative contributions have been recognized by the U.S. Patent and Trademark Office through various U.S. patents. GTL currently owns at least 42 patents.

*History of Litigation Between GTL and Securus*

14. While the history between Securus and GTL spans decades, it follows a predictable pattern: Securus sues, settles, and sues again.

15. The first lawsuit between the parties came in 2001, when T-Netix sued GTL for patent infringement. Ultimately, **REDACTED**.

16. Next, in 2005, after T-Netix and Evercom merged to form Securus, T-Netix and Securus sued VAC alleging that VAC's products infringed T-Netix's patents. That lawsuit **REDACTED**.

17. In 2006, T-Netix and Securus again sued GTL for patent infringement. That case **REDACTED**

3

**REDACTED**

.

18. In 2009, Securus sued PCS for patent infringement and again **REDACTED**

19. On August 2, 2013 – **REDACTED** – Securus again sued GTL for patent infringement, *Securus Techs., Inc. v. Global Tel*Link Corp.*, No. 3:13-cv-03009-K (N.D. Tex. filed Aug. 2, 2013) (the "2013 Securus-GTL Patent Lawsuit"). Less than a year later, the Court dismissed those claims with prejudice. The Court granted GTL's motion for summary judgment, concluding that **REDACTED** .

20. On May 5, 2014, Securus sued GTL yet again, this time alleging violations of the Lanham Act, defamation, and business disparagement based on a GTL press release announcing

4

that GTL had petitioned the U.S. Patent and Trademark Office for *inter partes* review of one of Securus's patents.

*Defendants' False and Defamatory Press Releases*

21.     On or about July 30, 2013, Securus issued a false and defamatory press release (the "July Press Release") entitled "Securus Technologies Awarded 101st Patent."

22.     The July Press Release states in particular as follows:

   a. "Company  **REDACTED** ."

   b. "Securus Technologies, Inc., a leading provider of inmate communications services, today announced it has been awarded its 101st patent. Securus leads its industry in the number of patents awarded and has far more patents than the rest of the competitors in the industry combined."

   c. "Joshua Conklin, Securus' Vice President of Sales stated, 'Correctional facilities clearly see the benefits from our technology and recognize the importance of our call platform architecture which allows us to implement new features once they are ready for market.'"

   d. "Dennis Reinhold, Vice President and General Counsel for Securus said, 'I am proud to have exceeded the 100 patent milestone. That, combined with our 41 pending patents evidences our commitment to strengthen, expand and protect our cutting-edge technologies. **REDACTED** .'"

   e. "Securus Technologies, Inc. **REDACTED** Securus' sole focus is the specialized needs of the corrections and law enforcement communities."

23.     The July Press Release was published across the Internet with the direct intent to harm GTL.[1]

---

[1] The July Press Release is available on Securus's website as well as third party websites. *See* https://securustech.net/off-the-wire/-/asset_publisher/9pJ04tRTvYNT/blog/securus-technologies-awarded-101st-patent; http://www.marketwatch.com/story/securus-technologies-awarded-101st-patent-2013-07-30.

24. On or about October 4, 2013, Securus issued another false and defamatory press release (the "October Press Release," collectively with the July Press Release, the "Press Releases"), entitled "Securus Technologies Files Lawsuit in Federal Court Against Global Tel*Link for Patent Infringement When Global Fails to Renew Existing License."

25. The October Press Release announced that Securus had filed the 2013 Securus-GTL Patent Lawsuit against GTL in federal court, and states in particular as follows:

    f. "Securus Technologies, Inc. filed suit in federal court against Global Tel*Link (GTL) Corporation asserting that GTL is infringing Securus's patents and seeking substantial damages for patent infringement, interest, costs, and attorney's fees. In the lawsuit, Securus also seeks an injunction permanently enjoining GTL from continuing to infringe Securus's patents. **REDACTED**

    g. "Securus, the industry leader in developing and patenting core, innovative technologies, has had over 100 patents issued by the United States Patent & Trademark Office and has 40 additional patents pending, far more than any of its competitors in the inmate corrections industry."

    h. "Richard A. Smith, President and Chief Executive Officer of Securus Technologies said, 'It is well known that Securus Technologies has by far the largest patent portfolio in the corrections industry and we have spent in excess of $200 million developing sophisticated technology – and we have solid patents. **REDACTED** ,'"

    i. " **REDACTED** and we will ask the Court to stop them,' said Smith. **REDACTED**

    j. "Securus Technologies, Inc. is **REDACTED**

6

           Securus' sole focus is the specialized needs of the corrections and law enforcement communities."

26. The October Press Release was published across the Internet with the direct intent to harm GTL.[2]

27. Statements in the Press Releases including " **REDACTED** ," " **REDACTED** ," " **REDACTED** ," and " **REDACTED** " (statements found in (d), (h), and (i) above) are false and defamatory.

28. It is false and defamatory that GTL **REDACTED** .

29. It is false and defamatory that GTL **REDACTED** .

30. It is false and defamatory that GTL **REDACTED** .

31. It is false and defamatory that GTL **REDACTED** .

---

[2] The October Press Release is available on Securus's website as well as third party websites. *See* https://securustech.net/press-releases/-/asset_publisher/JBo9KqWeTcqo/blog/securus-technologies-files-lawsuit-in-federal-court-against-global-tel*link-for-patent-infringement-when-global-fails-to-renew-existing-license; http://www.marketwatch.com/story/securus-technologies-files-lawsuit-in-federal-court-against-global-tellink-for-patent-infringement-when-global-fails-to-renew-existing-license-agreement-2013-10-04.

32. It is false and defamatory that, **REDACTED** .

33. Upon information and belief, Securus, Mr. Reinhold, and Mr. Smith made these false and defamatory statements maliciously and in bad faith. Statements that a competitor is incapable of designing around the patent are "nearly impossible to confirm *a priori*." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999).

34. Defendants made these statements with the clear intention to scare GTL's customers into believing that their inmate calling services would be disrupted and to influence GTL's customers by directly appealing to such customers (*e.g.*, " **REDACTED** . . ."), and to induce GTL's customers to choose Securus instead of GTL as their service provider by directly comparing the two companies (*e.g.*, the " **REDACTED** ") (emphasis added). The statements arise out of Securus sales of its services.

35. GTL requested that Defendants retract their false and defamatory statements by serving on Defendants a written request for retraction stating with particularity the statements that are false and defamatory (including when and where they were published) and explaining the defamatory meaning of the statements. Defendants have not retracted or corrected the false and defamatory statements.

## COUNT I

**FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**

36. The preceding paragraphs are incorporated by reference as if they were fully set forth under Count I.

37. Defendants have made false or misleading objectively verifiable statements of fact about both GTL's and Securus's products and services as described in paragraphs 21-35 above. These statements misrepresent the characteristics and qualities of both GTL's and Securus's products and services. The statements either deceive or have the capacity to deceive a substantial segment of potential consumers, namely, correctional facility customers. The deception is material in that it is likely to influence correctional facility customers in their purchasing decisions. The statements have been published on numerous Internet websites and have thereby been placed into interstate commerce. GTL has been and is likely to continue to be injured as a result of Defendants' false or misleading statements.

38. Defendants' false and misleading statements violate Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), which prohibits Defendants from using false, misleading, or disparaging representations of fact that misrepresent the nature, characteristics, or qualities of GTL's or Securus's products and services. Defendants' wrongful activities have caused and are likely to cause additional injury to Plaintiff if not enjoined. Plaintiff has no adequate remedy at law. Defendants' false advertising has caused, and if not enjoined by this Court as provided by 15 U.S.C. § 1116, will continue to cause, irreparable harm to Plaintiff and to the business reputation and goodwill of Plaintiff for which monetary relief will not fully compensate.

39. Defendants' conduct has been willful, making this an exceptional case under 15 U.S.C. § 1117(a). Consequently, Plaintiff requests the Court to award Plaintiff reasonable attorney's fees and to assess damages at three times the amount of actual damages suffered by Plaintiff and/or at three times the amount of Defendants' profits earned by their wrongful conduct.

## COUNT II

## DEFAMATION

40. The preceding paragraphs are incorporated by reference as if they were fully set forth under Count II.

41. The Press Releases contain false statements of objectively verifiable alleged fact regarding GTL, as described in paragraphs 21-35 above. The statements constitute common law defamation under Texas law and the law of others states. Defendants' unprivileged statements were and are false and defamatory to GTL. Defendants knew the statements were false, or believing that the statements were true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the statements were based.

42. Because GTL is a private plaintiff, Securus, Reinhold, and Smith are non-media defendants, and the subject of the false statements was a private business issue, the falsity of the statements is presumed. For the same reasons, there is a presumption that GTL was injured by Defendants' false statements.

43. GTL has sustained general damages as a result of Defendants' defamatory statements in the form of injury to its business reputation and character. GTL seeks to recover such damages in an amount to be presented to the jury at trial of this case.

44. Additionally, because Defendants' statements were motivated by actual malice, as will be demonstrated at trial, Defendants are liable to GTL for exemplary damages. Defendants acted with grossly malicious intent in defaming GTL, acting out of ill will towards GTL and for the sole purpose of damaging the business reputation and goodwill of GTL.

**PRAYER FOR RELIEF**

45.    For the reasons stated above, GTL prays that this Court enter judgment in its favor and award the following relief:

(a)    a mandatory injunction compelling Defendants to publicly retract the false and defamatory statements contained in the Press Releases and to remove the Press Releases from the public forum, including from all known Internet websites;

(b)    a permanent injunction against Defendants, prohibiting them and their respective officers, directors, agents, servants, employees, attorneys, related companies, licensees, and all persons acting for, with, by, through, and under any of them from making any false statements about Securus and the qualities and characteristics of its intellectual property, products, and services; and from making false and defamatory statements about GTL and the characteristics and qualities of GTL's products, services, intellectual property, and business practices, published in any medium to any person by any means;

(c)    judgment in favor of Plaintiff for actual and statutory damages in an amount to be determined by the Court, and that such damages be trebled pursuant to 15 U.S.C. § 1117(a);

(d)    further or in the alternative, judgment in favor of Plaintiff for Defendants' profits, enhanced as appropriate pursuant to the provisions of 15 U.S.C. § 1117(a);

(e)    judgment awarding Plaintiff exemplary damages;

(f)    judgment awarding prejudgment and post-judgment interest;

(g)    judgment awarding Plaintiff all costs of the action and reasonable attorney's fees pursuant to the provisions of 15 U.S.C. § 1117(a); and

(h)    such other relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

46. GTL demands a jury trial in this matter.

Dated: July 25, 2014

OF COUNSEL

Courtney Simmons Elwood
John Christopher Rozendaal
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
celwood@khhte.com
jrozendaal@khhte.com

Respectfully submitted,

　　　　/s/ E. Leon Carter　　　　
E. Leon Carter
Texas State Bar No. 03914300
lcarter@carterscholer.com
Sheria D. Smith
Texas State Bar No. 24075097
ssmith@carterscholer.com
CARTER SCHOLER ARNETT HAMADA &
MOCKLER PLLC
8150 N Central Expressway
Fifth Floor
Dallas, TX 75206
Tel: (214) 550-8188
Fax: (214) 550-8185

*Counsel for Plaintiff Global Tel*Link Corporation*